UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**MARK BURNETTE, in his capacity as
Personal Representative of the Estate of
Shaun Le Grice**

    **Plaintiff,**

v.                                                           Case No: 5:15-cv-567-Oc-32PRL

**REGIONS BANK and MINNESOTA
LIFE INSURANCE COMPANY**

    **Defendants.**

## **ORDER**

The District Judge has referred this case to me to conduct a settlement conference.

Accordingly, a settlement conference has been scheduled for March 7, 2016 at 10:00 A.M. at the United States Courthouse, 207 N.W. Second Street, Ocala, Florida. It is **ORDERED** that lead counsel for the parties, representatives for the parties with full settlement authority, and any necessary claims professionals attend the in-person settlement conference.

The Court believes the parties should fully explore and consider settlement at the earliest opportunity. Early consideration of settlement can prevent unnecessary litigation. This allows the parties to avoid the substantial cost, expenditure of time, and stress that are typically a part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement can allow the parties to better understand the factual and legal nature of their dispute and streamline the issues to be litigated.

Consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. Set forth below are the procedures the Court will require the parties to follow and the procedures the Court typically will employ in conducting the conference.[1]

I. **FORMAT**

   A. **Pre-settlement Conference Exchange of Demand and Offer** – A settlement conference is more likely to be productive if, before the conference, the parties exchange written settlement proposals. Accordingly, at least fourteen (14) days prior to the settlement conference, plaintiff's counsel shall submit a written *itemization of damages (and/or other relief sought) and settlement demand* to defendant's counsel with a brief explanation of why such a settlement is appropriate. No later than seven (7) days prior to the settlement conference, defendant's counsel shall, in turn, submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. If this process leads directly to a settlement, the parties should inform the Court immediately.

   B. **Settlement Statement –** In addition, not less than two (2) business days prior to the mediation conference, each party shall deliver to the undersigned a written summary of the facts and issues of the case, along with a copy of the demand or offer made as required by this Order (see Section I.A.). The settlement statement shall contain a specific recitation of the facts, a discussion of the strengths and weaknesses of the case, the parties' position on settlement (including all present settlement proposals), and a report on settlement efforts to date. The settlement statement shall *not* be filed with the Court; instead, each shall be delivered via e-mail to the chambers e-mail address for the undersigned at chambers_flmd_lammens@flmd.uscourts.gov.

   C. **Identification of Corporate Representative –** As part of the settlement statement, counsel for each corporate party shall state the name and general job description of the employee or agent who will attend and participate with full authority to settle on behalf of the corporate party.

   D. **Attendance Requirements and Sanctions –** Each attorney acting as lead trial counsel, and each party (and in the case of a corporate party, a corporate representative) with full authority to settle, shall attend and participate in the mediation conference in person. In the case of an insurance company, the term "full authority to settle" means authority to settle for the full value of the claim or

---

[1] The parties are also directed to Chapter Nine of the Local Rules.

policy limit. The Court may impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference.[2]

The parties are advised that photo identification is required to enter the United States Courthouse and that cell phones, blackberries, tablets, and/or laptop computers are permitted *by counsel only*, so long as they are kept on silent mode.

E. **Mediation Format** – The Court will generally use a mediation format: that is, a joint session with opening presentations by the Court and each side followed by private caucusing by the Court with each side. The Court expects both the lawyers and the party representatives to be fully prepared to participate. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and to discover creative means for resolving the dispute.

F. **Time and Authority to Declare Impasse –** The Court will set aside approximately three (3) hours for the settlement conference. However, participants shall be prepared to spend as much time as may be necessary to settle the case. No participant may force the early conclusion of a mediation conference because of travel plans or other engagements. Only the mediator may declare an impasse or end the mediation.

G. **Restrictions on Offers to Compromise** – Evidence of offers to compromise a claim is not admissible to prove liability for or invalidity of the claim or its amount. Fed. R. Evid. 408 (includes evidence of conduct or statements made in compromise negotiations); Local Rule 9.07(b). All discussion, representations and statements made at the mediation conference are privileged settlement negotiations. Except in a supplemental proceeding to enforce a settlement agreement, nothing related to the mediation conference shall be admitted at trial or be subject to discovery. Local Rule 9.07; Fed. R. Evid. 408. A communication between a party and a mediator during a private caucus is also confidential, unless the party tells the mediator that it is not. Accordingly, the Court expects the parties to address each other with courtesy and respect, and are encouraged to be frank and open in their discussions.

## II. ISSUES TO BE DISCUSSED

The parties shall be prepared to discuss the following issues at the settlement conference:

1. What are your goals in the litigation and what problems would you like to address in the settlement conference? What do you understand are the opposing side's goals?

---

[2] Relief from any of these requirements can only be obtained by Court order, upon the filing of an appropriate motion at least seven (7) days prior to the settlement conference.

2. What issues (in and outside of the lawsuit) need to be resolved?
3. What are the strengths and weakness of your case?
4. Do you understand the opposing side's view of the case?  What is wrong with that perception and what is right with it?
5. What are the factual and legal points of agreement and disagreement between the parties?
6. What are the known impediments to settlement (e.g., financial, emotional, legal)?
7. Does settlement or further litigation better enable you to accomplish your goals?
8. Are there possibilities for a creative resolution of the dispute?
9. Do you have adequate information to discuss settlement?  If not, how will you obtain sufficient information to make a meaningful settlement discussion possible.
10. Are there outstanding lien holders or third parties who should be contacted before settlement to ensure a productive settlement conference?

### III. INVOLVEMENT OF CLIENTS

For many clients, this may be the first time they are participating in a court-supervised settlement conference.  Accordingly, prior to the settlement conference counsel shall provide a copy of this Order to the client and shall discuss the points contained herein with the client.

**DONE** and **ORDERED** in Ocala, Florida on February 3, 2016.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record,
Courtroom Deputy