# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MARK BURNETTE, in his capacity as
Personal Representative of the Estate
of Shaun LeGrice,

    Plaintiff,

v.                                                Case No. 5:15-cv-567-Oc-32PRL

REGIONS BANK and MINNESOTA
LIFE INSURANCE COMPANY,

    Defendants.

## **O R D E R**

This case is before the Court on Plaintiff's Motion to Remand (Doc. 11), Defendants' Response (Doc. 21), and Plaintiff's Reply (Doc. 25). Plaintiff contends this case should be remanded because Defendants have not established that the amount in controversy meets the requirements for federal diversity jurisdiction.

## **I. Background**

Plaintiff Mark Burnette, in his capacity as the personal representative of the estate of Shaun Le Grice ("Le Grice"), filed a complaint against Defendants Regions Bank and Minnesota Life Insurance Company ("Minnesota Life") in the Circuit Court of the Fifth Judicial Circuit for Marion County, Florida. (Doc. 2). According to the Complaint, on November 5, 2014, Le Grice opened a certificate of deposit account at Regions Bank and deposited $60,000 into the account. (Doc. 2 at 3). On the same day, Regions Bank made Le Grice a loan for $60,000, and the parties entered into a

debt protection contract, through Minnesota Life, in which the loan obligation would be canceled under certain "protected events," including Le Grice's death. (Doc. 2 at 3). After Le Grice died, Plaintiff filed a claim with Regions Bank to have the debt protection contract cover the loan, but Minnesota Life denied the claim. (Doc. 2 at 9-13). On June 15, 2015, without direction from Plaintiff, Regions Bank unilaterally closed the certificate of deposit account and applied the $60,607.03 proceeds of the account to the loan, which left a $1,904.05 loan balance.[1] (Doc. 2 at 13).

The Complaint requests compensatory and general damages in the amount of $60,607.03 for conversion of the certificate of deposit account, breach of contract, and violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"). (Doc. 2 at 18-27). Plaintiff also requests declaratory relief requiring Defendants to pay Plaintiff's claim under the debt protection contract and cancel the loan. (Doc. 2 at 27). Regions Bank, with the consent of Minnesota Life, filed a Notice of Removal in this Court. (Doc. 1). Plaintiff filed a Motion to Remand. (Doc. 11). Defendants responded (Doc. 21), and, with leave of court, Plaintiff replied (Doc. 25).

## II. Analysis

A defendant may remove a civil action from state to federal court only if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). This removal is premised on diversity jurisdiction. District courts have original jurisdiction over cases in which the parties are of diverse citizenship

---

[1] Plaintiff alleges the $1,904.05 balance is due to interest, the premium for the debt protection contract, and other unidentified loan charges. (Doc. 2 at 13).

2

and "the matter in controversy exceeds the sum or value of $75,000." 28 U.S.C. § 1332(a).   In this case, Plaintiff is a citizen of Florida, Regions Bank is a citizen of Alabama, and Minnesota Life is a citizen of Minnesota, so the only relevant issue is whether the amount in controversy exceeds the jurisdictional threshold. As the parties seeking removal, Defendants bear the burden of establishing federal jurisdiction. See Lowery v. Alabama Power Co., 483 F.3d 1184, 1207 (11th Cir. 2007). "[R]emoval statutes are construed narrowly" and "uncertainties are resolved in favor of remand."   Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).[2]

In determining the amount in controversy, the Court should first look to the face of the complaint. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744, 754 (11th Cir. 2010). If the amount in controversy is "not facially apparent from the complaint, then the court should look to the notice of removal," along with other relevant evidence. Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001). "If the jurisdictional amount is not clear from the face of or readily deducible from the removing documents, the court must remand the matter." Evans v. Zurich American Ins. Co., No. 3:12-CV489/MCR/EMT, 2012 WL 6061061, at *1 (N.D. Fla. Dec. 5,

---

[2] While Plaintiff argued the Court should apply the "legal certainty" standard of proof, the most recent amendment of § 1446 "displaces previous Eleventh Circuit case law, which held that, when a state court complaint explicitly seeks an amount of damages less than the jurisdictional amount, removal to federal court is allowed only if the removing defendant can establish to a 'legal certainty' that the amount in controversy exceeds the jurisdictional threshold." Wilt v. Depositors Ins. Co., 6:13-CV-1502-ORL-36KRS, 2013 WL 6195768, at *5 (M.D. Fla. Nov. 26, 2013). See, e.g., Burns, 31 F.3d at 1095. Thus, Defendants need only show that the amount in controversy exceeds $75,000 by a preponderance of the evidence. Perez v. Cellco P'ship, 8:14-cv-926-T-30TGW, 2014 WL 2215745 (M.D. Fla. May 28, 2014).

3

2012).

When a complaint requests declaratory relief, "the value of the relief sought determines the amount in controversy." Cuevas v. SunTrust Mortg., Inc., No. 6:13-CV-147-ORL-36DAB, 2013 WL 1450998, *1 (M.D. Fla. March 20, 2013). The Eleventh Circuit has held that the value of "declaratory relief is the value of the object of the litigation measured from the plaintiff's perspective." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000) (internal quotation omitted). Stated another way, the value of declaratory relief is the monetary value of the benefit that a plaintiff would receive if the declaratory relief were granted. Id. Absolute certainty is not required, but the value of declaratory relief must be "sufficiently measurable." Id. at 1269.

Defendants assert that the amount in controversy exceeds $75,000 by aggregating Plaintiff's request for $60,607.03 in compensatory damages (the value of the certificate of deposit account) with the value of the declaratory relief sought in the Complaint, which Defendants argue should be the $60,000 debt protection claim on the loan. (Doc. 1 at 2-4; Doc. 21 at 2-5). However, Plaintiff correctly points out that his complaint seeks the $60,607.03 that Regions allegedly took from his CD, plus the $1,904.05 alleged remaining balance of the loan. He is not seeking to, and cannot, recover this amount twice, once from Regions and once from Minnesota Life. Thus, the value of the object of the litigation measured from Plaintiff's perspective, if he prevails, is less than $75,000.[3]

---

[3] It is possible that Plaintiff could win his claims against both Regions and

4

Defendants also assert that the amount in controversy exceeds the jurisdictional threshold by adding the value of Plaintiff's damages and statutory attorney fees under FDUTPA. (Doc. 1 at 4-5). However, these amounts are speculative because neither party provided evidence of the FDUTPA claim's value. See Porter v. MetroPCS Communications Inc., 592 F. App'x 780, 783 (11th Cir. 2014) (noting that without evidence of the value of individual claims, the court would have to engage in impermissible speculation). Since the value of the FDUTPA claim is not clear from the face of the complaint or the removing documents, the Court cannot find that the amount in controversy has been met.

Thus, Defendants have failed to carry their burden of proving by a preponderance of the evidence that the jurisdictional amount in controversy exceeds $75,000. Therefore, this Court lacks subject matter jurisdiction, and this case must be remanded.

Accordingly, it is hereby

**ORDERED:**

Plaintiff's Motion to Remand (Doc. 11) is **GRANTED**. Pursuant to 28 U.S.C. § 1447(c), this case is hereby remanded to the Circuit Court, in and for the Fifth Judicial Circuit, Marion County, Florida for all further proceedings. The pending motions to dismiss will be carried with the case. Following remand, the Clerk shall close this file.

---

Minnesota Life but he would only be able to recover his damages once.

**DONE AND ORDERED** in Jacksonville, Florida the 26th day of April, 2016.

TIMOTHY J. CORRIGAN
United States District Judge

bw.
Copies to:

Counsel of record

Clerk of Court, Circuit Court,
in and for the Fifth Judicial Circuit,
Marion County, Florida